IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| DAE KON KWON, | ) | CIV. NO. 08-00360 JMS/BMK |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING IN PART AND |
| | ) | DENYING IN PART PLAINTIFF'S |
| vs. | ) | MOTION IN LIMINE #1 |
| | ) | REGARDING SPOLIATION OF |
| COSTCO WHOLESALE | ) | EVIDENCE AND SANCTIONS |
| CORPORATION, a foreign profit | ) | |
| corporation; and DOE ENTITIES 1- | ) | |
| 50, | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S
MOTION IN LIMINE #1 REGARDING SPOLIATION OF EVIDENCE AND
SANCTIONS**

**I. INTRODUCTION**

Plaintiff Dae Kon Kwon ("Plaintiff") asserts that Defendant Costco

Wholesale Corp. ("Defendant" or "Costco") is liable for injuries she sustained

when she fell at a Costco store in Iwilei after coming into contact with a row a flat

bed carts near the exit of the store.  The parties dispute, among other things,

whether the carts were moving at the time of this incident.

Currently before the court is Plaintiff's Motion in Limine No. 1,

requesting sanctions against Defendant for its failure to preserve a surveillance

videotape that may have captured this incident.  Specifically, Plaintiff requests the

court to enter default against Defendant on the issue of liability, or alternatively

enter an adverse inference.  Plaintiffs further seek monetary sanctions.  Based on

the following, the court GRANTS in part and DENIES in part Plaintiff's Motion in

Limine No. 1.

## II.  BACKGROUND

On June 13, 2008, Plaintiff fell in the exit aisle of the Iwilei Costco

store, midpoint between the bathrooms and exit.  *See* Pl.'s Ex. 3.  Plaintiff asserts

that she was struck by a row of five flat bed trucks that a Costco employee was

pushing.  Doc. No. 1, Ex. 1 ¶ 11.  Plaintiff did not see the carts moving, but

believes that the wheel of a flatbed caught her foot, causing her to fall.  Def.'s Ex.

B at 34:13-16, 36:3-5.

Pursuant to Costco's practice, Kevin Chow, Management Manager for

Defendant, filled out a Warehouse Incident Report, describing that Plaintiff

"tripped over a row of 5 flat beds being pushed off the front-end by employee

Macy Madamba.  [Plaintiff] apparently tripped over the cover of the first flat bed.

She complained of a possible broken arm and possible face injury. . . ."  Pl.'s Ex. 3.

The report indicates that first aid was provided, and Plaintiff was taken by

ambulance to Queens Medical Hospital.  *Id.*

Defendant requires that these Warehouse Incident Reports be filled

out because "Costco, based on its experience, realizes and understands that there is a high probability that each and every incident on its warehouses' premises will lead to litigation . . . ." Pl.'s Ex. 4 ¶ 3. The Warehouse Incident Report further advises that "SURVEILLANCE VIDEO, WHETHER OR NOT IT DEPICTS ACCIDENT MUST BE RETAINED AS EVIDENCE ON ALL BODILY INJURY INCIDENTS." *Id.*

Defendant's corporate representative, Robert Loomis, testified that the Iwilei store has a video camera "pointed in the general vicinity of where the accident occurred" so that managers can ensure that the check-out lines do not get backed up. Pl.'s Ex. 1 at 40:22-41:25. Loomis did not know where the camera was pointed on the day of the incident, however, and explained that "normally [] you would not have seen this incident with the camera," but that "I could not tell you for a fact that the camera wasn't pointed directly at the incident." *Id.* at 42:2-10. It appears that no Costco employee went back to research whether the camera caught the incident, and the videotape was taped over after six days. *Id.* at 42:11-17.

On June 19, 2008, just six days after the incident, counsel for Plaintiffs requested that Defendant provide a copy of "any incident reports or other investigation documents that you have regarding the incident, including any video

surveillance footage."  Pl.'s Ex. 5.  No videotapes were ever produced.  Cruise

Decl. ¶ 10.

### III.  DISCUSSION

Plaintiff argues that Defendant should be sanctioned for failing to

preserve the videotape that may have captured the June 13, 2008 incident.  The

court outlines the proper framework for addressing Plaintiff's argument and then

applies this framework to the facts presented.

### A.     Spoliation Framework

Where a substantive spoliation claim has not been alleged in the

complaint, the court has two sources of authority to issue sanctions -- Federal Rule

of Civil Procedure 37, and its inherent authority to impose sanctions.  *See Leon v.*

*IDX Systems Corp.*, 464 F.3d 951, 958 (9th Cir. 2006).  Rule 37, which applies

only where a party has failed to comply with a court order or permit discovery,

does not apply to these facts -- it appears that Defendant taped over the potentially

relevant videotapes well before Plaintiff filed her action.  The court therefore

outlines the contours of its inherent sanctioning authority.

In general, a party has a "duty to preserve evidence when it knows or

reasonably should know the evidence is relevant and when prejudice to an

opposing party is foreseeable if the evidence is destroyed."  *Lewis v. Ryan*,

261 F.R.D. 513, 518 (S.D. Cal. Oct. 23, 2009) (citing *Kronisch v. United States*, 150 F.3d 112, 130 (2d Cir. 1998)); *see also Performance Chevrolet, Inc. v. Market Scan Info. Sys.*, 2006 WL 1042359, at *1 (D. Idaho Apr. 18, 2006) ("The majority of courts have held that pre-litigation destruction can constitute spoliation when litigation was 'reasonably foreseeable' but not where it was 'merely possible.'" (citations omitted)).  Where a party breaches this duty and relevant evidence is destroyed, "[a] federal trial court has the inherent discretionary power to make appropriate evidentiary rulings." *Glover v. BIC Corp.*, 6 F.3d 1318, 1329 (9th Cir. 1993).  A finding of bad faith is not required for the court to impose sanctions, and "simple notice of 'potential relevance to the litigation'" will suffice. *Id.* (quoting *Akiona v. United States*, 938 F.2d 158 (9th Cir. 1991)).

The court has available to it a number of sanctions, and may (1) exclude evidence, (2) admit evidence of the circumstances of the spoliation, (3) instruct the jury that it may infer that the spoiled evidence would have been unfavorable to the responsible party, or even (4) dismiss claims. *See Peschel v. City of Missoula*, --- F. Supp. 2d ---, 2009 WL 3364460, at *3 (D. Mont. Oct. 15, 2009) (citing *Glover*, 6 F.3d at 1329).  The drastic sanction of dismissal, however, is available only when "'a party has engaged deliberately in deceptive practices that undermine the integrity of judicial proceedings.'" *Leon*, 464 F.3d at 958

5

(quoting *Anheuser-Busch, Inc. v. Natural Beverage Distribs.*, 69 F.3d 337, 348

(9th Cir. 1995)).  In other words, the court must make a finding of willfulness,

fault, or bad faith before dismissing claims.  *Id*.  In determining whether dismissal

is appropriate, the court should consider "(1) the public's interest in expeditious

resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of

prejudice to the party seeking sanctions; (4) the public policy favoring disposition

of cases on their merits; and (5) the availability of less drastic sanctions."  *Id*.

(quotations omitted).

## B.    Application of Framework

Plaintiff argues that Defendant should be sanctioned for its failure to

preserve the videotape, and requests the court to enter default against Defendant on

the issue of liability or alternatively enter an adverse inference.  Plaintiffs

additionally seek monetary sanctions.

As an initial matter, the court finds that Defendant's failure to

preserve the videotape constitutes spoliation -- Defendant had a duty to preserve

the videotape because it knew or reasonably should have known that the videotape

may have been relevant to a reasonably foreseeable lawsuit.  Specifically, the

evidence presented establishes that Defendant was aware at the time the videotape

was destroyed that (1) Plaintiff had been injured at the Iwilei Costco, (2) Plaintiff

6

may bring an action against Defendant for her injuries, and (3) Defendant should

preserve any videotape from that day, whether or not it depicts the accident.[1]

Defendant nonetheless took no steps to preserve the videotape and pursuant to

Defendant's practice, it was recorded over after six days.

As to the appropriate sanction for Defendant's spoliation of the

videotape, the drastic sanction of entry of default is not warranted.[2]  Plaintiff has

come forward with no evidence indicating that Defendant engaged deliberately in

any deceptive practices directed at undermining the integrity of these proceedings.

Rather, it appears that Defendant simply failed to follow through on its own written

procedures for warehouse incidents.  Accordingly, Plaintiff has not shown the

requisite willfulness, fault, or bad faith necessary to support this sanction.[3]  The

court therefore DENIES Plaintiff's request for entry of default against Defendant

on the issue of liability.

---

[1]  That the videotape may not have actually captured the incident is irrelevant --
spoliation occurs if the party has "some notice that the documents were *potentially* relevant to
the litigation before they were destroyed." *Leon v. IDX Systems Corp.*, 464 F.3d 951, 959 (9th
Cir. 2006).

[2]  The court further notes that Plaintiff's request for entry of default does not appear to be
the proper subject of a motion in limine.  Putting aside this defect, however, the court
nonetheless rejects Plaintiff's argument on the merits.

[3]  Further, even if the court considers the relevant factors for a dispositive sanction, they
weigh against this drastic sanction.  The risk of prejudice to Plaintiff by allowing the action to
continue is not so high, especially where witness testimony may describe the incident.  The
public policy favoring disposition of cases on their merits also weighs against this sanction, and
as explained below, less drastic sanctions are available.

As for Plaintiff's request for an adverse inference, the purpose of such sanction is based on two rationales: (1) "the common sense observation that a party who has notice that a document is relevant to litigation and who proceeds to destroy the document is more likely to have been threatened by the document than is a party in the same position who does not destroy it," *Millenkamp v. Davisco Foods Int'l, Inc.*, 562 F.3d 971, 981 (9th Cir. 2009) (quotations omitted); and (2) that "allowing the trier of fact to draw an adverse inference presumably deters parties from destroying relevant evidence before it can be introduced at trial." *Id.* (quotations omitted).  Both rationales rest on the assumption "that the evidence-destroying party knew of impending litigation that would render the evidence relevant." *Id.*

The rationales support an adverse inference sanction in this action. Defendant was on notice of Plaintiff's claim, yet took no steps to preserve the videotape.  Further, an adverse inference will deter Defendant and others from allowing relevant evidence to be destroyed.  Accordingly, the court GRANTS Plaintiff's request for an adverse inference.

Finally, Plaintiff requests the court to impose monetary sanctions against Defendant.  The purpose of a motion in limine is to ask the court to rule on evidentiary issues in advance of trial, not to seek sanctions.  *See Bradley v.*

*Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1069 (3d Cir. 1990); *Lee v. City of Columbus, Ohio*, 2010 WL 333665, at *1 (S.D. Ohio Jan. 21, 2010) ("The purpose of a motion in limine is to allow the court to rule on issues pertaining to evidence in advance of trial in order to avoid delay and ensure an even-handed and expeditious trial."). Because Plaintiff's request for monetary sanctions is improper, the court DENIES Plaintiff's request for this sanction.

## IV.  CONCLUSION

Based on the above, the court GRANTS in part and DENIES in part Plaintiff's Motion in Limine No. 1.  The court finds that Defendant's failure to preserve the videotapes supports an adverse inference.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, February 17, 2010.



   /s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Kwon v. Costco Wholesale Corp.*, Civ. No. 08-00360 JMS/BMK, Order Granting in Part and Denying in Part Plaintiff's Motion in Limine #1 Regarding Spoliation of Evidence and Sanctions